NATIONS et al. v. HARRIS.

(Court of Civil Appeals of Texas. El Paso. Oct. 31, 1912. Rehearing Denied Nov. 27, 1912.)

1. DAMAGES (§ 159*)—PLEADING—VARIANCE—EVIDENCE.

A prayer for "damages as the result of the operation of a slaughterhouse, etc., for a period of two years next immediately preceding the filing of plaintiff's petition" would not warrant a recovery of damages up to the time of the trial.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 429–438, 440–444, 447, 449–453; Dec. Dig. § 159.*]

2. TRIAL (§ 191*)—DAMAGES — INSTRUCTIONS—ASSUMING FACTS.

In an action to abate a slaughterhouse as a nuisance and for damages, a requested instruction that the jury should not consider the annoyance or harm caused by flies was properly refused as withdrawing from the jury the question whether the flies were due to the slaughterhouse and its condition.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

3. DAMAGES (§ 228*) — INSTRUCTIONS — CURE BY REMITTITUR.

In an action for damages and an injunction, any error in instructions as to damages are cured by a remittitur of the entire amount of damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 576–579; Dec. Dig. § 228.*]

4. NUISANCE (§ 36*) — JUDGMENT — CONFORMITY TO FINDINGS AND EVIDENCE.

Where the evidence raised the issue whether a slaughterhouse was a nuisance, and damages were allowed the plaintiff, though there was evidence that the premises had been made cleanly before the trial, it was proper to abate it, especially where the verdict in answer to a special charge to determine whether it was an existing nuisance found that it was.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 95; Dec. Dig. § 36.*]

5. APPEAL AND ERROR (§ 221*) — OBJECTION BELOW—NECESSITY—SCOPE OF DECREE.

Assignments of error to the decree enjoining a nuisance cannot be sustained where the decree follows the prayer of the petition and the findings that the matter was a nuisance, and no steps were taken by defendant to limit the scope of the injunction in the lower court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1353–1356, 1359, 1361–1363, 1365–1367; Dec. Dig. § 221.*]

Appeal from District Court, El Paso County; J. R. Harper, Judge.

Action by Mrs. Annie Hays Harris against J. H. Nations and another. Judgment for plaintiff, and defendants appeal. Affirmed on condition.

W. B. Ware, Turney & Burges, and T. A. Falvey, all of El Paso, for appellants. Nealon, Neill & Thomason, of El Paso, for appellee.

HIGGINS, J. This was a suit by Annie Hays Harris against J. H. Nations and the J. H. Nations Meat & Supply Company for damages in the sum of $2,000 and for an injunction restraining the defendants from using on the property described in plaintiff's petition, or on any property near plaintiff's home, any of the buildings, slaughterhouses, and things complained of, and from butchering cattle or keeping cattle on the premises near plaintiff's home, or for using said property for the purpose or purposes for which it is now used, or for any purpose or purposes similar thereto. It resulted in a judgment in the sum of $250 in favor of the plaintiff against J. H. Nations, dismissing the J. H. Nations Meat & Supply Company, and for an injunction in favor of the plaintiff, in substantial accord with her petition.

[1] In the plaintiff's petition she prayed as follows with reference to damages: That she recover $2,000 damages to her health and for the loss and impairment of the use and comfortable enjoyment of her property, which she has suffered as a result of the operation of said slaughterhouse, etc., for a period of two years next immediately preceding the filing of plaintiff's petition; that is, the 13th day of April, 1911. The first and second assignments of error and propositions thereunder complain that the trial court, in the face of this pleading, submitted the issue of damages up to the time of trial, and that this was error. Appellee explains in oral argument the condition of the record by saying that the portion of the prayer quoted was inserted to meet defendant's plea of two years' limitation, and that it was not intended thereby to refrain from asking for damages up to the time of trial. We are of the opinion, however, that, in the absence of anything in the record explaining or limiting the effect of the portion of the

prayer quoted, the assignments mentioned must be sustained. We do not think, however, that the sustaining of these assignments requires a reversal of the case, as it can be cured by remittitur of the entire amount of the damages. This we shall require, as we do not think that this court can undertake to apportion the damages embraced in the finding for $250 which occurred prior to the time of filing the petition and those which occurred afterwards.

[2] The third assignment of error complains that the trial court erred in refusing to give a special charge, in its nature peremptory, telling the jury that they could not consider, in arriving at said damages, the annoyance or harm caused by flies. We do not think the court erred in refusing to give this charge. Possibly a special charge requesting an issue as to whether these slaughterhouses, etc., caused flies might have been properly given under this testimony, but it could certainly not have been proper to peremptorily tell the jury that the flies present were not caused by the slaughterhouses and their condition.

[3] The fifth assignment of error recites that the court erred in charging the jury to find for plaintiff the damages she had sustained by flies being attracted by defendant's slaughterhouses. The court did not so tell the jury, but told the jury, if they believed that she had sustained damages by flies which were attracted by defendant's slaughterhouses, they might find for plaintiff. It would seem, however, that both the last two assignments are addressed to the damages rather than the injunction, and that requiring plaintiff to remit the damages would cure any question raised by these assignments.

[4] The fourth and sixth assignments of error complain because it was decreed that the said premises of the defendant were a nuisance at the time of trial, when the evidence showed that, for a period of 10 days before the trial, the premises had been cleaned up and rendered cleanly, etc.

The court on the trial charged that the operation of a slaughterhouse, etc., is lawful and not necessarily a nuisance, but may become a nuisance if conducted in such manner as to cause flies or disagreeable or unhealthy odors. The defense asked a special charge to the effect that the jury would find whether or not the slaughterhouse, etc., in the condition it is now conducted, is a nuisance, and that they would so state in their verdict, and by their verdict the jury answered that the slaughterhouse was a nuisance. The testimony being sufficient to raise an issue of whether or not the slaughterhouse was a nuisance, it would probably have been correct for the court to abate it by injunction. See Burditt v. Swenson, 17 Tex. 489, 67 Am. Dec. 665. But, in view of the special charge asked and the jury's answer thereto, there can be no question that the court properly by the injunction abated the nuisance.

[5] The remaining assignments are addressed to the form of the permanent injunction rendered in the judgment; the point being made that the judgment, without a hearing on the question, enjoined defendant from using said land for any purpose similar to a slaughterhouse, without regard to whether or not the said use would be a nuisance.

If we should sustain these assignments, it would only necessitate the reformation of the judgment; but we are of the opinion that they should not be sustained. The injunction ordered ran substantially in the language of the petition praying therefor; no exception was taken to this prayer; nor did defendant below point out or suggest any purpose similar to a slaughterhouse for which the property might be used which would not be a nuisance. In other words, we believe that if the defendant below, appellant here, desired to limit and narrowly define the extent to which the injunction should go, if granted, steps to effect that purpose should have been taken during the trial in the court below, and that it is not improper for the injunction to run substantially as prayed for, after the facts had been submitted to a jury, who found the premises a nuisance.

If within 10 days from this date the appellee shall file a remittitur of $250, the cause will be affirmed; otherwise it will be reversed and remanded.